JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Debra Williams
1619 Center Street
Lebanon, PA 17042

**(b)** County of Residence of First Listed Plaintiff: **Lebanon**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

## DEFENDANTS
Pinnacle Health Family Care Middletown
1025 West Harrisburg Pike
Middletown, PA 17057

County of Residence of First Listed Defendant: **Dauphin**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 12101 et seq

Brief description of cause:
Americans with Disabilities Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 4/3/18
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA WILLIAMS<br>1619 Center Street<br>Lebanon, PA 17042<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PINNACLE HEALTH FAMILY CARE<br>MIDDLETOWN<br>1025 West Harrisburg Pike<br>Middletown, PA 17057<br><br>And<br><br>PINNACLE HEALTH MEDICAL<br>SERVICES<br>409 S. 2nd Street<br>Harrisburg, PA 17105<br><br>　　　　Defendants | JURY DEMANDED<br><br><br>No. |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

　　1.　　Plaintiff, DEBRA WILLIAMS (hereinafter "Plaintiff") is an adult individual residing at the above address.

　　2.　　Defendant, PINNACLE HEALTH FAMILY CARE MIDDLETOWN ("Pinnacle Family Care") is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania and a business address as captioned above.

　　3.　　Defendant, PINNACLE HEALTH MEDICAL SERVICES ("Pinnacle Health") is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania and a business address as captioned above.

4. At all times material hereto, Defendants Pinnacle Family Care and Pinnacle Health, collectively referred to as "Defendants" employed Plaintiff at their West Harrisburg Pike address as set forth above and qualified as Plaintiff's employers under the Americans with Disabilities Act, the Family and Medical Leave Act and the Pennsylvania Human Relations Act ("PHRA").

5. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission and her dual filing certification with the Pennsylvania Human Relations Commission.)

6. This action is instituted pursuant to the Americans with Disabilities Act of 1990, the Pennsylvania Human Relations Act and applicable federal law.

7. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

9. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Middle District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

**III. Operative Facts.**

10. On September 7, 2004, Defendants hired Plaintiff as a certified medical assistant.

11. In or around June of 2016, Plaintiff was diagnosed by Dr. Lewis Harpster with bladder cancer.

12. Dr. Harpster scheduled Plaintiff to being receiving intravesical Bacillus Calmette-Geurin therapy to treat the cancer.

13. Plaintiff applied for and was granted intermittent FMLA leave that applied to days off she required for treatment.

14. Plaintiff underwent this treatment one (1) time per week for six (6) weeks.

15. At the end of her course of treatment, Dr. Harpster discovered that Plaintiff's cancer was still present.

16. As a result, Plaintiff underwent another course of treatment at one (1) session per week for six (6) weeks, which was still covered under her pre-approved intermittent FMLA leave.

17. In or around February of 2017, Dr. Harpster discovered that Plaintiff's cancer was not responding to treatment.

18. Plaintiff elected to undergo surgery, and took an approved FMLA leave from work beginning on February 21, 2017, the date of her scheduled surgery, with a scheduled return to work date of April 7, 2017 allowing her time to recover.

19. Plaintiff attended a follow up appointment with Dr. Harpster on April 7, 2017, during which it was found that Plaintiff was extremely dehydrated and required additional hospitalization, and therefore was not cleared to return to work.

20. Plaintiff was admitted to the hospital to get her condition stabilized.

21.  Plaintiff called Defendant's Manager, Sharon DeSantis, to inform her that she was back in the hospital and that Dr. Harpster would not clear her to return to work for approximately one (1) additional week.

22.  On April 14, 2017, Ms. DeSantis informed Plaintiff that they were "no longer able to hold her position for her" and that she was being terminated for "using too much FMLA time."

23.  Plaintiff had been an employee with Defendants for thirteen (13) years prior to her cancer diagnosis and need to utilize FMLA time.

24.  Defendants did not offer Plaintiff any other position that may have been available for which she would have been qualified.

25.  Defendants' motivation for terminating Plaintiff was the fact that she was missing time due to her illness/disability, as well as her need to take FMLA time.

26.  At all times material, Defendants were hostile to Plaintiff's illness/disability and terminated her because of it.

27.  As a direct and proximate result of Defendants' conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**IV. Causes of Action.**

**COUNT I – TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT**
**(42 U.S.C.A. § 12101 et seq)**

28.  Plaintiff incorporates paragraphs 1-27 as if fully set forth at length herein.

29. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,, an employer may not discriminate against an employee based on a disability.

30. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

31. Defendants are "employers" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

32. At all times material hereto, Plaintiff had a qualified disability, as described above.

33. Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

34. Defendants refused to engage in the interactive process or provide Plaintiff a reasonable accommodation, as described above.

35. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

36. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

37. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

**COUNT II – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**(43 P.S. § 955)**

38. Plaintiff incorporates paragraphs 1-37 as if fully set forth at length herein.

39. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based upon a disability.

40. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

41. Defendants are "employers" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

42. At all times material hereto, Plaintiff had a qualified disability, as described above. Plaintiff's disability interfered with her day to day life activities.

43. Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

44. Defendants failed to provide a reasonable accommodation for her disability or otherwise engage in the interactive process.

45. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and

Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

46. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

47. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq Plaintiff demands attorneys fees and court costs.

## COUNT III – VIOLATION OF FMLA—FAILURE TO REINSTATE
### (29 U.S.C. §2601 et seq.)

48. Plaintiff incorporates paragraphs 1-47 as if fully set forth at length herein.

49. As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq..

50. Instead of reinstating Plaintiff to her former position upon completion of her approved FMLA leave, Defendants terminated Plaintiff's employment.

51. Defendants failed to reinstate Plaintiff to employment in violation of the provisions of FMLA.

52. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

53. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

54. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

### COUNT IV – VIOLATION OF FMLA—RETALIATION
### (29 U.S.C. §2601 et seq.)

55. Plaintiff incorporates paragraphs 1-54 as if fully set forth at length herein.

56. As set forth above, Plaintiff was entitled to medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

57. Instead of reinstating Plaintiff to her former position upon completion of her FMLA leave, Defendant terminated Plaintiff's employment, an adverse action.

58. Defendants' motivation in terminating Plaintiff's employment was based upon her utilizing FMLA leave.

59. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

60. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

61. Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys fees and court costs.

**V. Relief Requested.**

**WHEREFORE,** Plaintiff Debra Williams demands judgment in her favor and against Defendants, Pinnacle Health Family Care Middletown and Pinnacle Health Medical Services, jointly and severally, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____
GRAHAM F. BAIRD, ESQUIRE
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Debra Williams

Date: 4/3/18

# EXH. A

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Debra Williams<br>1619 Center Street<br>Lebanon, PA 17042 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-03174 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Kevin J. Berry,
Acting District Director

1/8/18
(Date Mailed)

Enclosures(s)

cc:   PINNACLE HEALTH FAMILY CARE OF
MIDDLETOWN
Richard C. Seneca (for Respondent)
SENECA LAW
P.O. Box 333
Lewisberry, PA 17339

Graham F. Baird (for Charging Party)
LAW OFFICE OF ERIC A. SHORE
1500 John F Kennedy Blvd, Suite 1240
2 Penn Center
Philadelphia, PA 19102