IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA WILLIAMS, | : |
|     Plaintiff, | : No.: 1:18-cv-00722-YK |
| | : |
| v. | : Judge Kane |
| | : |
| PINNACLE HEALTH FAMILY CARE MIDDLETOWN and PINNACLE HEALTH MEDICAL SERVICES, | : |
|     Defendants. | : |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

AND NOW, come Defendants, Pinnacle Health Family Care of Middletown and Pinnacle Health Medical Services to move this Honorable Court to enter summary judgment on their behalf and against Plaintiff on all counts of the Complaint and in support thereof aver as follows:

1. Plaintiff, Debra Williams alleges that the Defendants discharged her from their employment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §12101, *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*

2. Plaintiff, by her own repeated admissions at her deposition has

failed to establish that her termination of employment was the result of her disability.

3. Plaintiff's severe and debilitating illness rendered her unable to return to work such that her physician never released Plaintiff to resume working.

4. Within months of Plaintiff's discharge, Plaintiff was determined to be fully disabled by the Social Security Administration.

5. There exists no genuine issue of material fact and Defendants are entitled to judgment, as a matter of law, on Plaintiff's claim that Defendants violated the ADA and the PHRA.

6. Plaintiff received her full amount of leave time required by the FMLA and at the conclusion of her FMLA protected leave, Plaintiff was unable to return to her job and was not released by her physician to return to work.

7. Plaintiff was, therefore, not able to perform the essential functions of her position.

8. Plaintiff admitted at her deposition that she told representatives of Defendants that she did not know when or even if she could return to work.

9. Plaintiff received her full entitlement to leave under the FMLA and admitted at her deposition that her FMLA leave was exhausted but that she was not cleared by her physician to return to work.

10. Plaintiff has failed to establish any evidence of a causal relationship between her termination and the exercise of her rights under the FMLA.

11. There exists no genuine issue of material fact and Defendants are entitled to judgment, as a matter of law, on Plaintiff's claim that Defendants violated the FMLA.

12. There does not exist an entity named an known as Pinnacle Health Family Care Middletown.

WHEREFORE, Plaintiff has failed to establish any genuine issue of material fact on any of her causes of action. Defendants' motion for summary judgment should be granted and judgment should be entered in favor of Defendants and against Plaintiff.

Respectfully submitted,

Richard C. Seneca, Esq.
Supreme Court I.D. No. 49807
P.O. Box 333
Lewisberry, PA 17339-0333
Attorney for Defendants.

## CERTIFICATE OF NON-CONCURRENCE

I hereby certify that on November 26, 2019, I sought the concurrence of Plaintiff's counsel in the within Defendants' Motion for Summary Judgment.

Plaintiff's counsel has advised that he does not concur in the Motion.

_____
Richard C. Seneca, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December 2019, I will electronically file the foregoing with the Clerk of Courts using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Graham F. Baird, Esquire
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102

    Attorney for Plaintiff


_____
Richard C. Seneca, Esquire
PA Supreme Court I.D. No. 49807

Seneca Law
P.O. Box 333
Lewisberry, PA. 17339-0333
Phone: (717) 932-6000
Fax: (717) 932-1319
rseneca@senecalaw.com

    Attorney for Defendants.