UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2737
_____

DEBRA WILLIAMS,
   Appellant

v.

PINNACLE HEALTH FAMILY CARE MIDDLETOWN;
PINNACLE HEALTH MEDICAL SERVICES

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-18-cv-00722)
District Judge: Yvette Kane

_____

Submitted under Third Circuit L.A.R. 34.1(a)
March 19, 2021

_____

Before: SHWARTZ, MATEY, and TRAXLER[*], Circuit Judges

(Filed: March 24, 2021)
_____

OPINION[**]
_____

---

[*] The Honorable William Byrd Traxler, Jr., United States Circuit Judge for the Court of Appeals for the Fourth Circuit, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

TRAXLER, Senior Circuit Judge.

Plaintiff Debra Williams brought suit against Defendants Pinnacle Health Family Care Middletown and Pinnacle Health Medical Services (together, "Pinnacle Health") for terminating her employment in violation of the Family Medical Leave Act ("FMLA"), Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"). The District Court granted summary judgment in favor of Pinnacle Health. We will affirm.

## I.

Debra Williams started working as a medical assistant for Pinnacle Health in September 2004. In June 2016, Williams was diagnosed with cancer, which required numerous treatments. Pinnacle Health granted Williams up to 12 weeks of FMLA leave to receive these treatments. At the conclusion of the treatments, Williams still had cancer, so she underwent more treatments that were also covered by her FMLA leave. Ultimately, Williams had surgery and took FMLA leave for the surgery and subsequent recovery period.

Williams' FMLA leave ended on March 10, 2017, but she still had not provided Pinnacle Health with the required clearance from her doctor permitting her to return to work. Despite the exhaustion of Williams' required FMLA leave, Pinnacle Health extended a personal leave of absence to her through April 10, 2017. At the conclusion of her personal leave, Williams was required to submit the clearance permitting her to return to work. Williams never provided the form to Pinnacle Health and told the office manager that she was still unable to work. As a result, Pinnacle Health terminated Williams' employment

on April 14, 2017. Later that summer, Williams began receiving full disability income payments from the Social Security Administration.

## II.[1]

In granting summary judgment in favor of Pinnacle Health, the District Court concluded that Williams did not establish a prima facie case for violations of the FMLA, ADA, and PHRA.

Williams argues that Pinnacle Health terminated her employment in retaliation for her taking FMLA leave, which violates the FMLA. Although Williams points to a co-worker's offer to make a paid time off donation and a comment by the office manager that she hoped Williams was not abusing her FMLA time, none of this remedies the underlying problem—Williams' failure to prove that she was ever able to return to work. The District Court explained that Williams never disputed that she was not medically cleared to return to work after her FMLA leave expired. Therefore, "a reasonable factfinder [could not] conclude that [Pinnacle Health's] proffered reason for terminating her employment—that [Williams] was not able to return to work following her exhaustion of FMLA leave—was

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction under 28 U.S.C. § 1291. Our review of a district court's order granting summary judgment is plenary, *Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 418 (3d Cir. 2013). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

3

retaliatory." App. 6. We agree. Pinnacle Health provided Williams with the required amount of FMLA leave and even extended her personal leave. However, Williams failed to provide Pinnacle Health with proof that she was able to return to work, which was required from the outset of her health issues. Therefore, a reasonable factfinder could not conclude that Williams' termination was a retaliatory action by Pinnacle Health.

Next, Williams argues that Pinnacle Health violated the ADA and PHRA by firing her and not providing her with reasonable accommodations for her medical condition.[2] The ADA prohibits employers from discriminating against a qualified employee on the basis of disability. 42 U.S.C. § 12112(a). Employers must make a good faith effort to engage in an interactive process to determine a reasonable accommodation for qualified employees. *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 507 (3d Cir. 2010). Williams argues that Pinnacle Health did not engage in a good faith effort to accommodate her in such a way that would allow her to return to work. She argues that her requests to return to work were completely ignored by Pinnacle Health.

The District Court ruled that Williams is not a qualified individual under the ADA or PHRA because it is undisputed that she was unable to return to work. A qualified individual is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds." 42 U.S.C. § 12111(8). Here, it is undisputed that Williams' doctor never gave her clearance to return

---

[2] The same legal standard applies to disability discrimination claims under both the ADA and PHRA. *See Colwell v. Rite Aid Corp.*, 602 F.3d 495, 499 n.3 (3d Cir. 2010).

4

to work, and no accommodation has been shown that would have allowed her to work. Therefore, she could not perform the essential functions of her employment with or without reasonable accommodation. While Williams' later receipt of Social Security disability benefits is not dispositive of whether she is a qualified individual under the ADA, she must "explain the apparent inconsistency" between her receipt of disability benefits and her claim that she is a qualified individual under the ADA. *Motley v. N.J. State Police*, 196 F.3d 160, 166 (3d Cir. 1999). Williams however never provided an explanation for this inconsistency, so the District Court held that Williams did not meet the requirements of her ADA and PHRA claims. We agree.

## III.

Williams failed to make a prima facie showing of the required elements for her FMLA, ADA, and PHRA claims. Therefore, we will affirm the District Court's grant of summary judgment in favor of Pinnacle Health.